## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

ASHLEY WILSON,

      Defendant.

Case No. 5:21-cr-40099-HLT-03

## ORDER

Defendant Ashley Wilson moves pro se for a judicial recommendation to the Bureau of Prisons ("BOP") regarding placement in a Residential Reentry Center ("RRC") or home confinement.[1] The Court remembers her case. She pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense. She lodged one objection to the presentence report, which she withdrew at sentencing. Wilson's attorney then outlined the positive changes Wilson had made since the offense conduct. She gained sobriety, worked two jobs, attended worship service, cleaned up her home, and chaired recovery meetings. Post-plea she was housed at Chase County and started a women's NA, a women's workout group, and a women's Bible study. The parties jointly recommended a guideline range 60-month custodial sentence, which the Court imposed in large part because of her post-conduct rehabilitation and its firm belief she had changed her life.

Wilson now asks the Court to make a recommendation to the BOP under the Second Chance Act that she receive a 12-month placement in an RRC or home confinement at the conclusion of her sentence. The procedural vehicle for her request is unclear. If construed as a

---

[1] The Court is mindful of Wilson's pro se status and liberally construes her pleadings and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

motion to amend the judgment, the Court dismisses the motion for lack of jurisdiction. A district court has no authority to amend the judgment absent a statutory exception. *See* 18 U.S.C. § 3582; *United States v. Warren*, 22 F.4th 917, 922 (10th Cir. 2022). Wilson does not identify an exception, and no exception is apparent to the Court.

If construed as a motion under 28 U.S.C. § 2241, the Court dismisses it for lack of jurisdiction. The proper place to seek relief under this statute is the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Wilson is confined in West Virginia (not Kansas), so this Court lacks jurisdiction.

If construed as a motion for a non-binding post-sentencing supplemental recommendation (and assuming the Court has jurisdiction to make such a recommendation), the Court denies the motion. The Court previously made its recommendations at the sentencing hearing based on Wilson's circumstances. It seems (as the Court anticipated) Wilson is continuing with her prosocial changes. She reports that she completed cosmetology programming, and she submits multiple certificates of completion. The Court commends her apparent compliance with prison rules and her continued efforts to improve herself. The Court likewise does not doubt that her motion is motivated by an earnest desire to maximize her chances of successful reentry into society.

But the Court declines to make the requested recommendation. The BOP is better equipped to assess her current circumstances and evaluate the appropriate placement for Wilson to serve her sentence. *See United States v. Jackson*, 2023 WL 3884706, at *1 (D. Kan. 2023) (declining recommendation and noting that "most courts, in the absence of special circumstances, decline to independently recommend a 12-month RRC placement because the BOP is better suited to make those decisions based on individual inmates' records and halfway house availability"). While the Court does not oppose RRC placement in this case, if the BOP deems it appropriate, the Court declines to make that recommendation. Although the Court denies the motion, the Court does not intend for its decision to prejudice any similar request Wilson might submit to the BOP.

THE COURT THEREFORE ORDERS that the motion (Doc. 121) is DISMISSED IN PART and DENIED IN PART. The Court DISMISSES the motion WITHOUT PREJUDICE for want of jurisdiction to the extent it seeks an amended judgment or 28 U.S.C. § 2241 relief. The Court DENIES the motion to the extent it seeks a non-binding recommendation.

IT IS SO ORDERED.

Dated: January 8, 2026                    /s/ *Holly L. Teeter*
                                          HOLLY L. TEETER
                                          UNITED STATES DISTRICT JUDGE

3